KYH
LDK/2024R00503

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. MJM-26-194 |
| | * | |
| MARK WOODY, | * | (Possession of a Firearm and |
| | * | Ammunition by a Prohibited Person, 18 |
| Defendant. | * | U.S.C. § 922(g)(1); Forfeiture, 18 U.S.C. |
| | * | § 924(d), 21 U.S.C. § 853(p), 28 U.S.C. |
| | * | § 2461(c)) |
| | * | |

\*\*\*\*\*\*\*

## INDICTMENT

### COUNT ONE
### (Possession of a Firearm and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland charges that:

On or about March 4, 2026, in the District of Maryland, the Defendant,

### MARK WOODY,

knowing he had previously been convicted of a crime punishable by imprisonment for a term

exceeding one year, knowingly possessed a firearm and ammunition, to wit, an American Tactical

Omni Hybrid 5.56 Caliber pistol, bearing serial number NS427946, and approximately 357 rounds

of bulk ammunition of assorted calibers, and the firearm and ammunition were in and affecting

commerce.

18 U.S.C. § 922(g)(1)

1

KYH
LDK/2024R00503

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under Count One of this Indictment.

### Firearms and Ammunition Forfeiture

2.      Upon conviction of the offense alleged in Count One of this Indictment, the Defendant,

### MARK WOODY,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offense, including but not limited to:

   a. an American Tactical Omni Hybrid 5.56 Caliber pistol, bearing serial number NS427946; and

   b. approximately 357 rounds of bulk ammunition of assorted calibers.

### Substitute Assets

3.       If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

2

KYH
LDK/2024R00503

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

06/11/2026

Date